IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MARQUIS X. HARDEN, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 7:08-CV-63 (HL) |
| VS. | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 BEFORE THE U.S. MAGISTRATE JUDGE |
| J. D. HART; STEPHEN ROBERTS; JEFFERY WILLIAMS; ELARADO MILLER; JACK MELTON; SGT. FOSTER; COII DANIEL; COII CRAFT, | : | |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **MARQUIS X. HARDEN**, a prisoner at Valdosta State Prison in Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In a separate Order entered on this date, the Court has granted his motion to proceed *in forma pauperis*.

### *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." **Neitzke v. Williams**, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. **Scheuer v. Rhodes**, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff alleges that on February 3, 2008, defendants Williams, Roberts, Miller, Daniel, Foster, Melton, and Craft assaulted him. Specifically, plaintiff states that Officer Williams opened his cell door to allow Officers Roberts and Miller to enter his cell and beat him while he was handcuffed. Plaintiff alleges that when he tried to get away from these officers, Officers Daniel, Foster, Craft, and Melton showed up and also beat and kicked him in the face and abdomen. Plaintiff states that Officers Williams and Craft then took turns stomping his left foot. Plaintiff states that he had to go the medical unit the next day for his injuries and he still has severe pain in his left foot.

Plaintiff has named Warden J. D. Hart in the heading of his complaint. However, plaintiff makes no allegations against him in the body of his complaint. A § 1983 claim must allege a causal connection between a defendant and an alleged constitutional violation. See *Zatler v. Wainwright*, 802 F.d 397, 401 (11th Cir. 1986). Warden Hart is subject to dismissal on this ground alone.

Moreover, to any extent that plaintiff is attempting to hold Warden Hart responsible for the actions of prison employees, it is well settled that a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of respondeat superior or supervisory liability. *Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986); *H.C. by Hewett v. Jarrard*, 786 F.2d 1080 (11th Cir. 1986). Instead the plaintiff must show that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged

constitutional deprivation. ***H.C. by Hewett***, 786 F.2d at 1086-87. "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." ***Brown v. Crawford***, 906 F.2d 667, 671 (11th Cir. 1990), ***cert. denied***, 500 U.S. 933 (1991).

Plaintiff does not allege that Warden Hart was personally involved in any of his alleged constitutional deprivations. Moreover, plaintiff's assertions do not establish the causal connection necessary to hold this defendant responsible for the plaintiff's alleged constitutional deprivations.

Therefore, the Undersigned **RECOMMENDS** that Warden J. D. Hart be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

**SO RECOMMENDED**, this 1st day of July, 2008.

                                         ***/s/ Richard L. Hodge***
                                         RICHARD L. HODGE
                                         UNITED STATES MAGISTRATE JUDGE

lnb