IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **MARQUIS XAVIER HARDEN,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE |
| VS. | : | NO. 7:08-CV-63(HL) |
| | : | |
| **STEPHEN ROBERTS,** | : | |
| **WILLIAMS, EDWADO MILLER, JACK** | : | |
| **MELTON, SGT. FOSTER, CO II DANIEL,** | : | |
| **CO II CRAFT,** | : | |
| | : | |
| Defendants. | : | |

## RECOMMENDATION

This is a §1983 civil action brought by a former inmate at Valdosta State Prison. All of the defendants are or were employed at that prison on February 3, 2008, the date on which the circumstances giving rise to the instant lawsuit arose. Plaintiff alleges that he was the victim of excessive force in violation of his Eighth Amendment right to be free from cruel and unusual punishment. The defendants agree that force, albeit reasonable, was brought to bear on plaintiff on that date due to his riotous conduct and deportment, but that he has nonetheless failed to state a claim as any injuries he may have received were *de minimis.*

Certain of the defendants are the subject of recommendations of dismissal without the need for a summary judgment analysis. First, although initially named as a defendant, plaintiff has subsequently decided to seek dismissal of defendant COII Craft and attempt to use him instead as a witness. On page 61 of plaintiff's deposition (exhibit A to defendants' Motion for Summary Judgment), the following exchange takes place beginning at Line 12 and concluding at Line 25.

> Q. Okay.  Now Craft, did he say that - - they came at the same time.  They just saw at the very end of them [sic] stomp on your foot?
> A. Yes.
> Q. They didn't do anything to you?
> A. That's why I took his name off.
> Q. Who, Craft?
> A. Uh-huh.
> Q. So you want to drop him as a defendant in this lawsuit?
> A. I want him as a witness.
> Q. But you're not alleging he did anything to you?
> A. No.  I changed that up.

It being apparent that plaintiff does not wish to proceed against COII Craft as a defendant in this matter, it is the **RECOMMENDATION** of the undersigned that summary judgment be entered in favor of defendant Craft or in the alternative that he be dismissed as a defendant instanter based upon the obvious wishes of the plaintiff.

With regard to defendant Lt. Milton (designated by the plaintiff as "Melton"), the following exchange occurs beginning on page 62 of plaintiff's deposition, Line 13 and continues through Page 64. (exhibit A to defendants' Motion for Summary Judgment).

> Q. Okay.  And you said that Lieutenant Milton didn't come until after everything had already been done?
> A. When Lieutenant Milton arrived, I was on the ground.  He seen them.  They was still hitting me on the ground.  And I guess one of them was doing something.  I don't know.  But he said that's enough.  But the camera couldn't catch that because by that time there wasn't nothing to see.  Lieutenant Milton told them to get me off the ground and take me to the shower.
> Q. Who brought the camera?
> A. Officer Craft.  They said Officer Craft was the one with the camera, but I didn't see it until after I was in the shower.  That's when I seen Officer Craft with the camera.  And he said he had the camera when they all ran inside the dorm.
> Q. Had the camera when?
> A. When they all ran inside the dorm.
> Q. Okay so Lieutenant Milton didn't beat you up?
> A. No.
> Q. Okay.
> A. Lieutenant Milton, he seen what was happening.  He knew - - I put Lieutenant Milton because he didn't do nothing about it.

> Q. Excuse me?
> A. He didn't do nothing about the incident.
> Q. He didn't do nothing about it while it was happening or afterwards?
> A. After it happened.
> Q. Okay. But you are not saying that he did anything - -
> A. He didn't do anything to me.
> Q. He couldn't have prevented anything from happening. I mean he didn't know what was going on did he?
> A. No.
> Q. Okay.
> A. But he was the supervisor.
> Q. Okay. But you are not alleging that he knew about it or anything before that?
> A. No.

It is apparent that plaintiff seeks to hold defendant Lieutenant Milton vicariously liable under a theory of *respondeat superior* based upon the action of others. Under § 1983, liability must be based on something more than a theory of *respondeat superior*. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Plaintiff must show either personal participation in the alleged constitutional violation or that there is a causal connection between the action of the supervisory official and the alleged constitutional violation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). Inasmuch as plaintiff is trying to hold Lieutenant Milton responsible for the actions of the other defendants, the claims are barred by the theory of *respondeat superior*.

Supervisory personnel cannot be held vicariously liable under § 1983 for the acts of subordinates, but may be independently liable where a reasonable person in the supervisor's position would have known that his conduct infringed the plaintiff's rights and the supervisor's conduct was causally related to the subordinate's constitutional violation. Greason v. Kemp, 891 F.2d 829, 836 (11th Cir.1990) (citing cases); McKinney v. DeKalb County, 997 F.2d 1440, 1443 (11th Cir.1993), citing Greason. In the instant case it is very clear that defendant Lieutenant

Milton was not involved in the actual use of force against the plaintiff. In fact, in the plaintiff's own words this defendant actually caused the use of force to end by stating to the involved defendants, "that's enough." Further, the plaintiff acknowledges that there is nothing Lieutenant Milton could have done to prevent the use of force against him nor was there any way this defendant could have known in advance what was going on. Plaintiff has failed to allege or establish that this defendant either "personally participated in the acts comprising the alleged constitutional violation or instigated or adopted a policy that violated [his] constitutional rights." Adams v. Poag, 61 F.3d 1537, 1544 (11th Cir. 1995). In order to establish this defendant's liability as a supervisor, the plaintiff must provide evidence of either his personal participation in the alleged deprivations or a causal connection between his policies or acts and the deprivations. Hill v. DeKallb RYDC, 40 F.3d 1176, 1192 (11th Cir. 1994). The plaintiff has simply failed to satisfy this burden and for that reason it is the **RECOMMENDATION** of the undersigned that plaintiff's motion for summary judgment be granted as to Lieutenant Milton.

Finally, it is noted that defendant Roberts was no longer an employee at Valdosta State Prison at the time this lawsuit was commenced. Inasmuch as it appears that his whereabouts were and are unknown, he has not been served with this lawsuit. (Doc. # 39, n. 3). Thus, he is subject to be dismissed as a party pursuant Federal Rule of Civil Procedure 4(m) upon notice to the plaintiff. Since Roberts has not been served with the complaint he is not a party to this action, nor is he a movant on the defendants' motion for summary judgment which is presently being considered by the court.

In accordance with the dictates of Federal Rule of Civil Procedure 4(m) plaintiff is hereby given notice that Roberts will be dismissed without prejudice from this action within fifteen (15)

days of the date of this recommendation absent a showing of good cause by the plaintiff.

*Summary Judgment Standard*

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial.  Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). " . . . there must be evidence on which the jury could *reasonably* find for the plaintiff. Id.  "To defeat summary judgment, therefore, nonmoving parties "'must do more that simply show that there is some metaphysical doubt as to the material facts.'" Matsushita Elec. Indus. Co. V. Zenith Radio Corp., 475 U. S. 574, 576, 106 S. Ct. 1348 (1986).

The Eighth Amendment prohibition against cruel and unusual punishment is triggered when

a prisoner is subjected to a "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986) (citations omitted). The Court found in Albers that the determination of whether a prisoner has suffered unnecessary and wanton pain turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Id. at 320 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973). In Albers ,the Court also adopted three factors set forth in Glick, for determining whether a prison guard has used excessive force: the need for the application of force, the relationship between the need and the amount of force used, and the extent of the injury inflicted upon the prisoner. Whitley v. Albers, 475 U.S. at 321; Bennett v. Jackson, 898 F.2d 1530, 1532-33 (11th Cir. 1990).

In Brown v. Smith 813 F.2d 1187 (11th Cir. 1987), the Eleventh Circuit found that because the plaintiff's affidavit [regarding use of excessive force] contained only a conclusory allegation of serious injury without any other supporting evidence, his affidavit should be discounted. Accordingly, [the court] concluded that Brown suffered, at most, a minimal injury. Bennett, 898 F.2d at 1531. In Bennett, the court carried this principle further by stating that inasmuch as the plaintiff's claim of serious injury was only a conclusory allegation, unsupported by any physical evidence, medical records, or the corroborating testimony of witnesses, it should be discounted. Id. at 1534. Thus, in order for a plaintiff to prevail on summary judgment on a claim of excessive force, he must have sustained an injury that is more than minimal and there must be some corroborating evidence of this such that would allow a jury to find the existence of a genuine issue of a material fact on this issue. See also, Johnson v. Moody, 206 Fed. Appx. 880 (11th Cir. 2006) (superficial injury to finger and fingernail were *de minimis* in nature); Nolin v.

Isbell, 207 F.3d 1253,1258 n.4 (11th Cir. 2000) (bruises received during arrest were *de minimis*); Smith v. City of Moultrie, 2007 WL 2684983 (M.D. Ga) (a sore muscle, an aching back, a scratch, and abrasion, a bruise, even those lasting up to two or three weeks, did not rise above *de minimis* level).

The remaining movants in this motion for summary judgment are Sergeant James Foster, Correctional Officer Edwado Miller, Correctional Officer Jeffrey Williams, and Correctional Officer Darrell Daniels. Each of these above named defendants have supported their motion with an affidavit addressing the amount of force each brought to bear upon the plaintiff. The extent of injury sustained is not addressed in these affidavits. The plaintiff has submitted a rebuttal document which the undersigned will recognize as an affidavit of sorts. Plaintiff's position in his affidavit is essentially that defendants' disagreement with his version of events underlying this lawsuit is evidence of their lack of truthfulness. It is noted that plaintiff has submitted no corroborating evidence in support of his position. There is no testimony from other inmates in support of plaintiff's position. More importantly, the plaintiff has submitted absolutely no medical evidence that would tend to create a question of genuine fact ast to the extent of injury sustained. The defendants maintain that plaintiff's injuries are at most minimal and that he therefore cannot overcome their summary judgment motion.

To the extent that the plaintiff raises some allegation regarding injury to a toe, the court notes that the circumstances giving to the filing of this lawsuit occurred on February 3, 2008, at which time plaintiff evidently sustained slight bruises to his back in the area of his shoulder blades, similar bruising to his chest, redness to an eye and an abrasion on his left ankle. All of the above were noted in the use of force medical report completed on February 3, 2008 (Doc. 27-23).

There is no evidence that plaintiff mentioned an injury to his left great toe at that time. In the report resulting from the follow-up medical examination which occurred the next day there is an entry regarding bruising to the left great toe. As a result of that examination it was decided to x-ray plaintiff's left ankle and foot. (Doc. 27-23). Plaintiff received a follow-up examination on February 12, 2008, in which he stated that he felt much better and no mention is made of his toe(s). (Doc. 27-23).

Plaintiff filed his initial complaint on May 16, 2008. He last received medical attention for injury allegedly received on February 3, 2008 on February 12, 2008 (Doc. 27-22). Plaintiff received no medical attention for his left big toe until June 4, 2008 (Doc. 27-22).

Based on the lack of corroborating evidence, especially medical evidence, which would allow the jury to find that plaintiff's injuries sustained on February 3, 2008, were more than minimal, the court must conclude that plaintiff's claims will not survive defendants' motion for summary judgment. It is therefore the **RECOMMENDATION** of the undersigned that the defendants' motion for summary judgment be granted. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations herein with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 4th day of September 2009.

> *Richard L. Hodge*
> RICHARD L. HODGE
> UNITED STATES MAGISTRATE JUDGE